Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

United States Courts
Southern District of Texas
F I L E D

SEP 24 2021

Nathan Ochsner, Clerk of Court

Dennis J. Turner §
§
versus §    CIVIL ACTION NO. _____
§
PHH Mortgage Corp §
Ocwen Mortgage §
§

ORIGINAL COMPLAINT

Hello Magistrate!

My name is Dennis James Turner. I purchase property at 10113 Forest Spring Lane in March 7, 2006. I'm file a complaint on PHH Mortgage Corporation and those Mortgage Companies that's affiliated with them. These companies are Ocwen Loan Servicing LLC and Newrez. These Loan Servers has not been fair lenders toward serving my loan. They have not been following through with the Promissory Note Agreement. We were Paying on time to Owen Loan Servicing, during the maturity of our loan, things started going bad. Our note was increase, but we continue making payments. A loan modification offered thru Ocwen Loan Servicing LLC, we accepted it. Our payment continued to raise. We used our life savings (RETIREMENT FUNDS) to catch up with our mortgage payments. We asked Ocwen Loan Servicing LLC question why our loan payment was constantly changing, $1390.00, $1,698.00, $2,143.00 and $2,250.00 but they never could give a solid answer or the reason. I made payment on some occasions $3,396.00 double payments to try and catch up, but it still seemed impossible. We continue making our payments. Later they said do not make any payments. It was as if they were trying to make a way to foreclose on our home. It would be MONTHS AND MONTHS before you hear from them or get answer from PHH Mortgage Corporation. I file chapter 13 Bankruptcy on several occasion to try pay off this debt or catch up. They stop sending me payment statements for about 8 months. I was totally lost, did not know which way to go. I call to make contact, no one return my call. Later I got a letter in mail from Newrez which was my first-time hearing of this company ever, showing I owe $67,982.09 about 8 months later. Magistrate this has been a difficult and unfair situation. We have exhausted all our savings and retirement to try to save our home. My wife is my ex-wife now(Auretha Brooks). She just could not handle or just could not bear this ridiculous situation. She experiences extremely stress and depression we still as family we have children. She went through a hard illness, breast cancer which was stage four and loss of jobs. I have been struggle trying to stay afloat with my mortgage payment.  I have read over my Promissory Note Agreement that was given to me at closing March 7, 2006. Which indicate (Lender May not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law). I'm am a very hardworking man; I've work in the school district for years. I just want to get back on track. We would like to file a Civil Lawsuit in the amount of $7.5 million dollars for loss of money that we've work so hard, mental stress, hospital bills, pain and suffering. We have been ripped off by these unfair mortgage companies. I'm not the type of person doesn't like paying his debt. I just would like to settle this in court. PHH Mortgage Corporation and Newrez said my house is in active foreclosure status, but a date has not been yet set. I would like the court to order a stay until this matter is resolved. I just want to be treated fair.

Thanks

Dennis J. Turner

MAY GOD BLESS YOU

*[signature]*

Dennis Turner
10113 Forest Spring Lane
Pearland, Tx 77584
832-540-4656

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

Initials: *[handwritten initials]*

000487291

-6(TX) (0411)    Page 10 of 16    Form 3044 1/01

*[handwritten:]*
A/B/c
Dennis Turner
10113 Forest Spring Lane
Pearland TX 77584
832-540-4656